GREAT LAKES STEEL, DIVISION OF
NATIONAL STEEL CORPORATION,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,

Patrick D. Driscoll, Intervenor.

No. 78–1299.

United States Court of Appeals,
Sixth Circuit.

July 15, 1980.

Jacques M. Wood, Joseph Mack, III, Thorp, Reed & Armstrong, Pittsburgh, Pa., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, William Wachter, Patricia Matthews, Ruah D. Lahey, N.L.R.B., Washington, D. C., Bernard Gottfried, Director, Region 7, N.L.R.B., Detroit, Mich., for respondent.

Before LIVELY, MERRITT and KENNEDY, Circuit Judges.

## ORDER

The company, Great Lakes Steel, petitions this Court for review and the National Labor Relations Board cross-petitions for enforcement of an NLRB order finding the company in violation of §§ 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), 158(a)(3), for promulgating an overly broad rule restricting employee distribution of literature and for discharging employee Patrick D. Driscoll for possessing with intent to distribute a pamphlet critical of the company's ambulance policy.

The company's rule, in pertinent part, stated:

> No employee is permitted to bring in or distribute, at any time on Company property, literature which is libelous, defamatory, scurrilous, abusive or insulting or any literature which would tend to disrupt order, discipline or production within the plant.

Driscoll was discharged for violating this rule by having in his locker copies of a pamphlet which described the details of a recent fatal accident of a fellow employee and characterized the company's ambulance policy of waiting for a private ambulance rather than having two ambulances or using the company's single ambulance to transport the victim to the hospital as a murderous policy, urging the employees to unite and stop the murder for profit.

The Board held the rule was too broad and was overly restrictive of the employee's free speech rights. It found the company did not prove that any statement made in the pamphlet was made with knowledge of its falsity or with reckless disregard for the truth. The pamphlet contained no obscenities, no malicious falsehoods, no attacks on company products. The use of the word "murder" was found to be mere hyperbole. It held the pamphlet was protected activity under § 7 of the Act and the discharge of Driscoll for engaging in protected activity constituted an unfair labor practice.

■ Statements made with knowledge of their falsity or with reckless disregard for their truth are not protected activity. *Old Dominion Branch No. 496, National Assn. of Letter Carriers, AFL–CIO v. Austin*, 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974); *Linn v. United Plant Guard Workers of America, Local 114*, 383 U.S. 53, 61–63, 86 S.Ct. 657, 662–663, 15 L.Ed.2d 582 (1966).

■ Generally, a rule prohibiting solicitation during nonworking hours must be presumed to be an unreasonable impediment to self-organization and therefore is discriminatory in absence of evidence that special circumstances make the rule necessary in order to maintain production or discipline. *See Republic Aviation Corp. v. NLRB*, 324 U.S. 793, 804 & n.10, 65 S.Ct. 982, 988, & n.10, 89 L.Ed. 1372 (1945); *National Steel Corp., Great Lakes Steel Division v. NLRB*, 415 F.2d 1231, 1233 (6th Cir. 1969). This presumption may only be rebutted by evidence of the circumstances necessitating the rule in the interest of plant production and discipline. *See National Steel, supra*, 415 F.2d at 1233–34; *Larand Leisurelies, Inc. v. NLRB*, 523 F.2d 814, 819 (6th Cir. 1975).

■ This Court agrees that taken as a whole the company's rule is too broad. The

Board's conclusion that the company has not shown why such a broad rule is needed to maintain discipline is supported by substantial evidence. Findings of fact made by the fact-finder are to be upheld if supported by substantial evidence. 29 U.S.C. § 160(e). This Court does not decide whether or not a more restrictive rule, prohibiting distribution of literature which would tend to disrupt order, discipline or production within the plant, would be permissible.

This Court further finds that the Board's decision that the speech was protected activity and that Driscoll was discharged for employee activity are supported by substantial evidence. Enforcement of the order of the NLRB is granted.